**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PORFIRIA YUQUE-LOPEZ, | No. 11-70602 |
| Petitioner, | Agency No. A070-184-270 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Porfiria Yuque-Lopez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Yuque-Lopez failed to establish past persecution because the threats she and her family received did not rise to the level of persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment, not persecution).  Substantial evidence also supports the agency's finding that Yuque-Lopez did not establish a well-founded fear of persecution on account of a protected ground because her family members, who are similarly situated, remain safely in Guatemala, *see Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"), and because she did not establish the requisite nexus with respect to her son's encounter with gang members, *see INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring evidence of persecutor's motive).  Accordingly, Yuque-Lopez's asylum claim fails.

Because Yuque-Lopez failed to meet the lower standard of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Yuque-Lopez failed to establish it is more likely than not she would be tortured at the instigation of or with the acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review Yuque-Lopez's contentions regarding the lack of country conditions reports in the record because she failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**